UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TYJUAN GEE,

             Plaintiff,             Case No. 2:25-cv-76

v.                                       Honorable Paul L. Maloney

KIM HILL et al.,

             Defendants.
_____/

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.    Factual Allegations**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about

which he complains occurred at that facility. Plaintiff sues Corrections Officer Kim Hill and Resident Unit Manager J. Naeyaert in their personal capacities.

In his complaint, Plaintiff alleges that during chow time on an unspecified date, Defendant Hill used the microphone and stated that "this is daddy's home and nutting happens on my watch." (ECF No. 1, PageID.5.) Plaintiff states that this meant to be demeaning and sexually degrading towards inmates. (*Id.*) Plaintiff asked for "body camera" after this incident and to be removed from the unit because of past retaliatory conduct by Defendant Hill. (*Id.*) Plaintiff asserts that he received three to four tickets after submitting a grievance on this incident. (*Id.*) Plaintiff states that he never received the body camera footage that he requested and that when he got into a fight with another inmate, Defendant Hill tasered him, which Plaintiff felt was retaliatory. (*Id.*)

Plaintiff asserts that on April 27, 2024, Defendant Naeyaert came to his door and told Plaintiff that he was the law, and nothing could stop him while Plaintiff was at "his prison." (*Id.*, PageID.6.) While making this comment, Defendant Naeyaert was moving his body in a sexual manner. (*Id.*) On April 28, 2024, Plaintiff filed a complaint against Defendant Naeyaert for harassment. (*Id.*)

Plaintiff alleges that on December 9, 2024, Defendant Naeyaert came to his door and stated that if Plaintiff would let him see his "a##hole," he would let Plaintiff use the phone that day. (*Id.*) Plaintiff filed a PREA grievance regarding the comment, but states that no investigation was carried out. Plaintiff states that on December 12, 2024, contrary to policy, Defendant Naeyaert was permitted to take Plaintiff to the shower. (*Id.*) Plaintiff complained to mental health about the matter. (*Id.*)

Plaintiff seeks compensatory and punitive damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

3

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

#### 1. Defendant Hill

Plaintiff appears to be asserting that Defendant Hill violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

##### a. Sexual Harassment

Plaintiff claims that Defendant Hill's public address announcement that "this is daddys home and nutting happens on my watch" constituted "demeaning and sexually degraded comments towards iinmates." (Compl., ECF No. 1, PageID.5.) "[B]ecause the sexual harassment or abuse of

4

an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain'" forbidden by the Eighth Amendment. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson*, 503 U.S. at 8).

The Court does not perceive the sexual degradation in a corrections officer's statement that the prison is "his house" and that nothing happens on his watch. Thus, the Court concludes that Plaintiff's sexual harassment claim against Defendant Hill fails at the first step: objectively, such a statement would not cause pain. For the same reason, the Court concludes that Plaintiff has failed to allege facts to support the inference that Defendant Hill acted with a sufficiently culpable state of mind—with the intent to cause pain to inmates within earshot of his announcement.

But even if the announcement could be deemed sexually degrading, in the context of claims against prison officials, the Sixth Circuit repeatedly has held that the use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See, e.g., Ivey*, 832 F.2d 950, 954–55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* 76 F. App'x 24, 27 (6th Cir. 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim).

5

Moreover, the Sixth Circuit has held that "'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (quoting *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005)). In *Rafferty*, the Sixth Circuit contrasted isolated, brief, and severe instances of harassment that would not rise to the level of an Eighth Amendment violation with the defendant's repeated demands that a female prisoner expose her breasts or masturbate in his presence, conduct that the Sixth Circuit described as "severe" and "pervasive." *Id.*. The Court concludes that Defendant Hill's statement, as described by Plaintiff, is easily distinguished from the conduct at issue in *Rafferty*. The statement was isolated, brief, and not severe. It certainly cannot be described as pervasive. "

For all of these reasons, the Court concludes that Plaintiff allegations regarding Defendant Hill's statement fail to state an Eighth Amendment claim on which relief may be granted.

### b.     Defendant Hill's Use of a Taser

Plaintiff's alleges that Defendant Hill used a taser against Plaintiff. Plaintiff's one sentence allegation regarding the use of the taser is focused on the act as a form of retaliation for filing grievances. Nonetheless, Plaintiff might also be raising that conduct as an Eighth Amendment violation based on Defendant Hill's use of excessive force.

As noted above, the Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey*, 832 F.2d at 954. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson*, 503 U.S. at 9. "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)).

There is an objective component and a subjective component to this type of Eighth Amendment claim. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9–10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). The objective component requires a "contextual" investigation, one that is "responsive to 'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Plaintiff alleges that he was involved in a fight with another inmate when Defendant Hill used a taser on Plaintiff. (Compl., ECF No. 1, PageID.3.) Defendant Hill's use of the taser was obviously a use of force, but Plaintiff has alleged no facts to support the inference that the use of force was excessive. Prisons and prison officials have a legitimate interest in maintaining security, order, and in having prisoners obey orders. *Bell v. Wolfish*, 441 U.S. 520, 560 (1979); *Caldwell v.*

7

*Moore*, 968 F.2d 595, 599–601 (6th Cir. 1992). "Corrections officers do not violate a prisoner's Eighth Amendment rights when they apply force 'in a good-faith effort to maintain or restore discipline.'" *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) (quoting *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004)). A prison official's use of a taser to maintain security and order, such as the use of a taser upon responding to a physical fight between prisoners, does not, on its own, state an Eighth Amendment claim. *See, e.g.*, *Caldwell*, 968 F.2d at 600–02 (collecting cases) (holding that the use of a stun gun on a disruptive prisoner to restore order and discipline was not an Eighth Amendment violation); *Jasper v. Thalacker*, 999 F.2d 353, 354 (8th Cir. 1993) (concluding that the use of a stun gun to subdue a noncompliant prisoner did not violate the Eighth Amendment when the prisoner failed to show that the officers used it "maliciously and sadistically to cause harm" (citation omitted)); *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988) (upholding use of a taser on a prisoner for failure to comply with a strip search); *Gresham v. Steward*, No. 13-10189, 2014 WL 4231295, at *9–10 (E.D. Mich. Aug. 27, 2014) (finding that the use of a taser on a prisoner who refused to stop punching another prisoner even after ordered to do so was not excessive given the defendant's "interest in the threat posed by the altercation to other inmates, prison workers, administrators, and visitors" (citation omitted)). Accordingly, the Court concludes that Plaintiff has failed to state an excessive force claim against Defendant Hill.

    **2.**    **Defendant Naeyaert**

Plaintiff also claims that Defendant Naeyaert subjected him to sexual harassment in violation of the Eighth Amendment. As noted above, harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *Ivey*, 832 F.2d at 954–55; *Johnson*, 357 F.3d at 546. Moreover, sexual harassment can rise to the level of an Eighth Amendment violation if it is severe and pervasive, but not if it is "isolated, brief, and not severe." *Rafferty*, 915 F.3d at 1095 (6th Cir. 2019).

In *Rafferty*, the Sixth Circuit has held that ongoing, coercive verbal harassment may rise to sexual abuse that violates the Eighth Amendment. *Rafferty*, 915 F.3d at 1095. The *Rafferty* court found an Eighth Amendment violation when a prison official sexually harassed a prisoner by repeatedly demanding that the prisoner expose herself and masturbate while the official watched. The court noted that, in light of the coercive dynamic of the relationship between prison staff and prisoners, such demands amount to sexual abuse. *Id.* at 1096.

In this case. Plaintiff asserts that on April 27, 2024, Defendant Naeyaert came to his door and told Plaintiff that he was the law, and nothing could stop him while Plaintiff was at "his prison." (ECF No. 1, PageID.6.) Plaintiff contends that camera footage will show that while making this comment, Defendant Naeyaert was moving his body "in motion on how he will be sexually doing" Plaintiff. (*Id.*) Plaintiff filed a sexual harassment complaint against Defendant Naeyaert on April 28, 2024. (*Id.*)

Plaintiff alleges that nearly eight months later, on December 9, 2024, Defendant Naeyaert came to his door and stated that although it was not allowed, if Plaintiff would let him see his "a##hole," he would let Plaintiff use the phone that day. (*Id.*) Plaintiff filed a PREA grievance regarding the comment, but states that no investigation was carried out. Plaintiff states that on December 12, 2024, contrary to policy, Defendant Naeyaert was permitted to take Plaintiff to the shower, however Plaintiff fails to allege any facts showing that Defendant Naeyaert made any inappropriate remarks or behaved in an unprofessional manner on this date. (*Id.*)

*Rafferty* is distinguishable from Plaintiff's claims against Defendant Naeyaert. As noted in *Rafferty*, "repeated sexual demands of an inmate" by a prison official may violate the Eighth Amendment when they are severe and coercive. *Id.*, 915 F.3d at 1095–7. In *Rafferty*, the Sixth Circuit found an Eighth Amendment violation when a male prison official sexually harassed a

9

female prisoner by demanding on multiple occasions that the prisoner expose herself and masturbate while the official watched and intimidated her into complying. *Id.*, 915 F.3d at 1095–96.

In this case, Plaintiff alleges that Defendant Naeyaert verbally harassed him on April 27, 2024, and again on December 9, 2024. Plaintiff does not allege any other facts showing that Defendant Naeyaert made inappropriate comments or demands on any other occasion. In addition, Plaintiff alleges that Defendant Naeyaert was standing in the unit hallway outside of Plaintiff's door when he made the offensive comments and that they were not made in a private or personal setting. Under these circumstances, Defendant Naeyaert's remarks, which were made on two isolated occasions, while offensive, do not evidence the sort of repeated, coercive sexual demands at issue in *Rafferty*. As a result, the alleged sexual harassment on the part of Defendant Naeyaert falls short of the severity necessary to state an Eighth Amendment claim.

### B.     Retaliation

Plaintiff claims that he believes Defendant Hill's use of a taser on him during the fight was retaliatory and asserts that he received three to four tickets, a form of retaliation, after submitting a grievance against Defendant Hill. (ECF No. 1, PageID.5.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening) (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)).

In some circumstances, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417–18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Plaintiff merely alleges the ultimate fact of retaliation. Plaintiff states that after he filed a grievance on Defendant Hill, he received three to four tickets, although Plaintiff does not state that they were written by Defendant Hill. Plaintiff also claims that Defendant Hill's use of a taser when Plaintiff was involved in a fight with another prisoner was retaliatory. However, Plaintiff alleges

11

no facts from which to reasonably infer that Defendant Hill's actions were motivated by Plaintiff's grievance. As noted above, Plaintiff fails to allege facts describing the fight in even the vaguest terms. Plaintiff's retaliation claim against Defendant Hill is entirely conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79. Accordingly, Plaintiff's retaliation claims are properly dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   August 7, 2025                             /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge